**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT JUMA and ELENA WALSH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-259 |
| | § | |
| FUTUREWEI TECHNOLOGIES, INC., | § | Judge Clark/Judge Mazzant |
| HUAWEI TECHNOLOGIES, USA, and | § | |
| HUAWEI DEVICES USA, INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On October 15, 2013, the United States Magistrate Judge issued his report and

recommendation [Doc. #20], this matter having been referred to the United States Magistrate

Judge pursuant to 28 U.S.C. § 636.  The Magistrate Judge recommended that Defendants'

Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. #10] be denied.

Defendants filed their objections to the report and recommendation on October 29, 2013

[Doc. #21].  Plaintiffs filed their response on November 12, 2013 [Doc. #22].  The Magistrate

Judge concluded that Plaintiffs stated plausible claims for the purpose of defeating a Rule

12(b)(6) motion.  In addition, the Magistrate Judge noted that the parties spent a significant

amount of briefing on the issue of whether a class action should be certified in this case, which

the Magistrate Judge found to be premature at this time. The Magistrate Judge declined to

consider the issue until an appropriate motion addressing the class certification issues is filed.

Finally, the Magistrate Judge noted that Defendants raised several issues that were more

appropriate for resolution by summary judgment motion.

1

Defendants first object to the Magistrate Judge's report on the basis that the Magistrate Judge failed to consider Defendants' arguments that Plaintiffs have no standing under Federal Rule of Civil Procedure 12(b)(1).  Defendants contend that Plaintiffs allege that they applied for and were interviewed for positions but were never employed by any of the three Defendants, and, for this reason, Defendants allege that Plaintiffs lack standing to pursue claims based on alleged discrimination in "recruitment," "employment practices," and "evaluation policies, practices and procedures," alleged failure to prevent, investigate or properly respond to complaints of discrimination and failure to take prompt remedial action, and alleged discrimination in promotion, advancement, compensation, and discipline.

It should be noted that it is difficult to ascertain Defendants' argument from their objections and from their motion to dismiss briefing.  Defendants do not set forth the legal standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and mention only that Plaintiffs have no standing to assert claims based on any employment-related facts without tying this argument to any of the legal requirements for a plaintiff to establish standing.  Defendants do not allege that Plaintiffs' claims suffer from a particular deficiency, and state only in a citation that a party must have suffered a concrete and particularized injury.  Thus, although the Magistrate Judge did not specifically mention Rule 12(b)(1) in his report, it is no surprise that that Magistrate Judge recommended Defendants' motion be denied in its entirety, including Defendants' 12(b)(1) arguments.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Defendants allege that they moved to dismiss some of Plaintiffs' claims based on Federal Rule of Civil Procedure

12(b)(1).  The court has subject matter jurisdiction over those cases arising under federal law.

U.S. Const. Art. III § 2, cl. 1; 28 U.S.C. § 1331.  A case arises under federal law if the complaint

establishes that federal law creates the cause of action or the plaintiffs' right to relief necessarily

depends on the resolution of a substantial question of federal law.  *Empire Healthchoice Assur.,*

*Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it

appears beyond doubt that a plaintiff cannot prove a plausible set of facts in support of its claim.

*Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556-57 (2007)).   The court may find a plausible set of facts by considering: "(1) the

complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d

657, 659 (5th Cir. 1996)).  The court will accept all well-pleaded allegations in the complaint as

true, and construe those allegations in a light most favorable to the plaintiffs.  *Truman v. United*

*States*, 26 F.3d 592, 594 (5th Cir. 1994).  The party asserting jurisdiction bears the burden of

proof for a 12(b)(1) motion to dismiss.  *Ramming*, 281 F.3d at 161.  "A case is properly

dismissed for lack of subject matter jurisdiction when the court lacks the statutory or

constitutional power to adjudicate the case."  *CleanCOALition v. TXU Power*, 536 F.3d 469, 473

(5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006,

1010 (5th Cir. 1998)).

In order to have standing under Article III, a plaintiff must first have suffered an injury in

fact.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  An injury in fact is an "invasion

of a legally protected interest which is (a) concrete and particularized, and (b) actual or

imminent, not conjectural or hypothetical.  *Id*. (internal quotations and citations omitted). Second, there must be a causal connection between the injury and the conduct, thus the "injury has to be fairly traceable to the challenged action of the defendant, and not… the result of the independent action of some third party not before the court."  *Id*. (internal quotations and citations omitted).  Third, it must be likely that the injury will be redressed by a favorable decision.  *Id*.

In this case, the plaintiffs allege claims arising under (1) Title VII of the Civil Rights Act of 1964 for race discrimination, (2) 42 U.S.C. § 1981 for discrimination on the basis of race and national origin, and (3) the Texas Labor Code.  In support of their Title VII claims, Plaintiffs assert that Defendants "subject[ed] them to discriminatory employment selection policies/practices and procedures as well as other differential treatment on the basis of race" [Doc. #8 at 27].  In support of their Section 1981 claims on the basis of race and national origin, Plaintiffs contend Defendants discriminated against them "by treating them differently from and less preferably than similarly qualified applicants of Chinese or Asian descent and by subjecting them to discriminatory denials of employment opportunities."  *Id*. at 28.  In support of their claims arising under the Texas Labor Code, Plaintiffs allege that

> Defendants intentionally engaged in unlawful employment practices involving Plaintiffs, because of their race and national origin.  Defendants discriminated against Plaintiffs in connection with the offering of employment.  Defendants limited, segregated, and classified Plaintiffs in a manner that would deprive or tend to deprive them of any employment opportunity or adversely affect their status, because of Plaintiffs' race and national origin in violation of the Texas Labor Code.

*Id*. at 30.

Defendants appear to argue that the plaintiffs have no standing to assert claims based on employment, since the plaintiffs were never employed by Defendants.  However, the court finds

4

that the plaintiffs' claims, as set out in the First Amended Complaint, are not based on employment.  In their First Amended Complaint, Plaintiffs clearly state that they were subjected to discriminatory employment selection processes, and it is clear to the court that the plaintiffs do not assert claims based on any employment with Defendants.  The random selection of quotes Defendants use in support of their "standing" argument are either taken out of context, or do not apply to the plaintiffs' three asserted claims.  For this reason, the court finds that Defendants' standing arguments are irrelevant in that they address claims not pleaded by Plaintiffs, and Defendants' objection is overruled.

Further, a Rule 12(b)(1) motion should only be granted if it appears beyond doubt that a plaintiff cannot prove a plausible set of facts in support of its claim.  *Lane*, 529 F.3d at 557.  It is evident by the facts pleaded in the complaint that the plaintiffs can prove a plausible set of facts in support of their claims that the defendants discriminated against them on the basis of race and national origin during the employment selection process.  The plaintiffs pleaded plausible facts that show they suffered an actual injury that was concrete and or particularized, i.e., they were not hired for employment on the basis of race or national origin.  The injury can be fairly traced to the actions of the defendants, since the defendants are alleged to have engaged in discriminatory selection practices, and the plaintiffs' injury is likely to be redressed by a favorable decision.  For this additional reason, Defendants' objection is overruled.

Defendants' next objection states, "The parties are in agreement that to the extent Plaintiffs assert individual Section 1981 claims based solely on national origin discrimination, they are not actionable" [Doc. #21 at 4].  Plaintiffs do not agree [*see* Doc. #13 at 1 (In discussing race and national origin discrimination, Plaintiffs state, "Plaintiffs' response concedes nothing Defendants sought to dismiss in the Motion.")].  The court finds Defendants' objection

irrelevant.  Plaintiffs did not plead any Section 1981 claims based solely on national origin discrimination, and, instead, pleaded Section 1981 claims based on both race and national origin. Defendants' objection does not address Plaintiffs' actual claims in this lawsuit, and again, seeks to dismiss something that has not been pleaded by Plaintiffs.  Defendants' objection is overruled.

Defendant next objects to the finding of the Magistrate Judge that Plaintiffs pleaded sufficient facts to establish a claim based on "recruitment."  Defendants contend that the "recruitment" claim fails as a matter of law because Plaintiffs concede that they participated in a "facially neutral" application process and were selected for interviews.  However, Plaintiffs' allegations are that "Defendants' recruitment and hiring procedure, while purportedly facially neutral, screened them and other applicants for their race/national origin information as well as whether they spoke Chinese…, and then engaged in a discriminatory practice – eliminating them from the employment pool" [Doc. #13 at 2].  This is sufficient to survive a Rule 12(b)(6) motion. Defendants' objection is overruled.

Defendants next object to the finding of the Magistrate Judge that Plaintiffs' disparate impact claim should not be dismissed.  Specifically, Defendants contend that Plaintiffs' disparate impact claim makes general allegations, but fails to identify a specific policy or practice that allegedly results in disparate impact.  "To establish a prima facie case of discrimination under a disparate-impact theory, a plaintiff must show: (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two." *McClain v. Lufkin Indus., Inc*., 519 F.3d 264, 275-76 (5th Cir. 2008).  Plaintiffs pleaded that three senior level executives deviated from the facially neutral hiring policy or practice to give preference to recruiting and hiring employees of Asian race or Chinese national origin/descent.  Contrary to Defendants' assertion, Plaintiffs have asserted that

Defendants' hiring procedure is a facially neutral policy; however, as applied, or when reviewed by the senior level executives, the policy has the disparate impact of deselecting all candidates that are not of Asian race or Chinese national origin/descent.  This is sufficient to satisfy Plaintiffs' burden at the Rule 12(b)(6) stage of litigation to state claims that are facially plausible. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 Led.2d 868 (2009).  Defendants' objection is overruled.

Defendants next object to the finding of the Magistrate Judge that Plaintiffs' "pattern or practice claims" should not be dismissed.  Specifically, Defendants contend that Plaintiffs' allegations of a pattern or practice of discrimination without any factual support for the conclusion are merely bare allegations that are insufficient under Rule 12(b)(6).  In their Amended Complaint, Plaintiffs pleaded:

> It is the Defendants' practice/policy to ultimately recruit and hire employees of Asian race or Chinese national origin/descent, i.e., approval for employment with Defendants' entities comes from Msrs. Cui, Ming, or Wang, and is a pre-requisite to employment.  Their subjective final selection of employees through the recruitment/hiring process, has resulted in the vast majority (70% or more) of Defendants' employees being of Asian race or Chinese national origin/descent.

[Doc. #8 ¶¶ 10-18, 38, 47].  Contrary to Defendants' assertion, Plaintiffs are not required to provide factual support for their allegations in order to survive a 12(b)(6) motion, and must only state claims that are facially plausible.  Plaintiffs' allegations meet this requirement, and Defendants' objection is overruled.

Defendants' next objection is that Plaintiffs' "Collective Action" allegations must be dismissed.  Plaintiffs' First Amended Complaint seeks to "[d]esignate this action as a collective action" and "promptly issu[e] notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Opt-In Class."  Defendants argue that Section 216(b) only applies to claims

brought under the Fair Labor Standards Act, the Age Discrimination in Employment Act, and the Equal Pay Act.  29 U.S.C. § 216(b); 29 U.S.C. § 626(b).  None of Plaintiffs' claims arise under these statutes.  Plaintiffs do not address this issue in their underlying briefing.  The Court agrees that to the extent that Plaintiffs asserted a collective action claim, it should be dismissed. Defendants' objection is sustained.

Defendants' remaining objections address Plaintiffs' class allegations.  Defendants contend that Plaintiffs' class allegations should be dismissed because Plaintiffs failed to plead sufficient facts to provide plausible support for their ability to satisfy each of the requirements of Rule 23.  The Magistrate Judge stated:

> The Court notes that the parties spend a significant amount of their briefing on the issue of a class action.  The Court views this issue as premature.  This case has not been certified as a class action, and the Court will not consider this issue until Plaintiffs file an appropriate motion for class certification.  Until such time as the Court certifies this as a class action, this case will remain merely two individual plaintiffs asserting claims against Defendants.

[Doc. #20 at 4].  The court agrees with the finding of the Magistrate Judge that to certify a class at this time based on allegations set out in the First Amended Complaint is premature.  The court agrees with Defendants' case law that a court is allowed to dismiss a plaintiff's class claims based on a failure to plead sufficient facts.  However, the court disagrees that "this case is one of those where the decision on certification of the class action can properly be made upon the information afforded by the pleadings" [Doc. #21 at 10 (citing *Stewart v. Winter*, 669 F.2d 328, 332 (5th Cir. 1982)].  Defendants are arguing that the class is not ascertainable, the class has no common questions of fact and law, the damages calculated by Plaintiffs are done pursuant to an impermissible method, and the individualized damages sought by Plaintiffs destroy the ability to certify the class.  In order to defend against these allegations, Plaintiffs must do more than simply set forth a pleading that complies with the requirements of Rule 12(b)(6), and instead

must also satisfy the requirements of Rule 23. This is not required at this stage of the litigation in response to a Rule 12(b)(6) motion.  Defendants' objections are overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  After careful consideration, the court concludes the defendants' objections are sustained in part and overruled in part.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #20] is hereby adopted in part, and Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. #10 is **GRANTED IN PART and DENIED IN PART.**  Defendants' objections regarding Plaintiffs' claims for "collective action" are sustained and Plaintiffs' claims for "collective action" are dismissed.  All other objections are overruled.

So **ORDERED** and **SIGNED** this **18** day of **February, 2014.**

_____
Ron Clark, United States District Judge